# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| WILLAM J. FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 14-cv-4698 |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| CHICAGO TRANSIT AUTHORITY, | ) | |
| ROBERT GIERUT, KEVIN LOUGHNANE, | ) | |
| TIMOTHY WEBB, KATHARINE LUNDE, | ) | |
| GERALDINE FIEDLER, | ) | |
| and COLLEEN BREWER, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants Chicago Transit Authority (the "CTA") and Robert Gierut, Kevin Loughnane, Timothy Webb, Katharine Lunde, Geraldine Fiedler, and Colleen Brewer (collectively, the "Individual Defendants"), by and through their undersigned attorneys, submit this memorandum of law in support of their motion to dismiss Plaintiff William Foster's ("Plaintiff") Complaint[1] pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## INTRODUCTION

Plaintiff began his employment at CTA on March 13, 1981. Complaint ("Cmplt.") ¶ 25. At the time of his Complaint, he was a Foreman and Department Expeditor for CTA. Cmplt. ¶ 26. Plaintiff claims that while employed at CTA, he has been subjected to fraudulent discipline, defamation, discharge, as well as being refused unemployment, pension, and other benefits.

---

[1] Plaintiff's Complaint shares almost identical factual and legal claims as a complaint filed by his sister, Laura Foster, 14-cv-04701, currently before Judge Harry Leinenweber. Defendants are looking into possibly consolidating these two cases. CTA is also evaluating whether these cases should also possibly be consolidated with another case filed by William Foster, 13-cv-05942, before Judge Sharon Johnson Coleman.

Cmplt. ¶¶ 15, 70, 75, 134-35, 140, 148-49. Plaintiff does not identify any specific actions that were taken against him after March 2012. Cmplt. generally and at ¶ 148. Those allegations he makes in reference to later time periods are entirely conclusory. Cmplt. ¶¶ 151, ("On or about January 10, 2013, [several individual Defendants] continued in their conspiracy to commit fraud and defame Bill."), 152 ("On or about January 10, 2013 [several individual Defendants] all submitted false testimony under oath against Bill."), 153 ("On or about Feb. 14, 2013, [several individual Defendants] continued in their conspiracy to commit fraud and defame Bill."), 154 ("On or about February 14, 2013, [several individual Defendants] submitted false testimony under oath against Bill."), 180 ("The [Defendants] greased the way for the relentless and continuing discrimination and retaliation against Bill and Laura, unlawful actions that are ongoing to date, April 2014.").

Plaintiff filed his 55-page, 28-count complaint in the Circuit Court of Cook County on April 29, 2014, alleging retaliation in violation of Title VII of the Civil Right Act of 1964, retaliation in violation of the Illinois Whistleblower Act, retaliation for making defamation complaints, defamation by the Individual Defendants, negligent infliction of emotional distress by CTA and the Individual Defendants, various violations of the Employee Retirement Income Security Act, Family Medical Leave Act, and Occupational Safety and Health Administration, and conspiracy and neglect to prevent conspiracy in violation of 42 U.S.C. §§ 1985 and 1986. The Individual Defendants were all employed in management positions at the times of the allegations in Plaintiff's Complaint, with the exception of Katharine Lunde, who worked as an attorney in CTA's Law Department. Cmplt. ¶¶ 5-10. The only claims against the Individual Defendants are for Negligent Infliction of Emotional Distress, Defamation, and Conspiracy to Commit Fraud. Cmplt. CTA was served with the Complaint on or about May 28, 2014, and

2

subsequently filed a Notice of Removal to federal court on June 23, 2014. For the reasons described below, the Defendants move to dismiss Plaintiff's Complaint in its entirety, pursuant to Federal Rule of Civil Procedure 12 (b)(1) and 12(b)(6).

As a preliminary matter, Plaintiff's Complaint is long-winded, and, at times, paranoid. See Cmplt. ¶¶ 49, 51, 176, 181, 307. While Plaintiff invokes a vast number of statutes and protections, he fails to provide bases for his claims. Plaintiff's Complaint fails to allege sufficient detail to put Defendants on notice of his claims. In a number of instances, such as his mention of the Family Medical Leave Act, the Occupational Safety and Health Administration,[2] the Illinois Public Labor Relations Act, Qui Tam Protections, ERISA Pension and Retirement Accounts, and a variety of Internal Revenue Code provisions concerning retirement funds, Plaintiff merely invokes a cause of action without following up with any bases for his claims. These are truly "the-defendant[s]-unlawfully-harmed-me accusation[s]," and fail to put Defendants on notice of Plaintiff's claims. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Because Plaintiff alleges no facts associated with these claims and merely includes the name of the act, his claims under the Family Medical Leave Act, the Occupational Safety and Health Administration, the Illinois Public Labor Relations Act, Qui Tam Protections, ERISA Pension and Retirement Accounts, and a variety of Internal Revenue Code provisions should be dismissed. See generally, Cmplt.

Moreover, Plaintiff spends dozens of paragraphs addressing entirely irrelevant issues. Plaintiff continually protests his Union's treatment of him in his Complaint, but fails to name his Union as a Defendant in the instant matter. See Cmplt. ¶¶ 81-87, 96, 98, 117-130, 155-159. In a similar vein, Plaintiff condemns the treatment of his sister, Laura Foster, but fails to explain why

---

[2] Plaintiff has not alleged that he filed a complaint with the Occupational Safety and Health Administration. See generally, Cmplt.

her situation is related to his own treatment. See Compl. ¶¶ 31-37, 100-109, 111-116, 121-124. Nor does Plaintiff include any other individuals who he claims have received discriminatory treatment from CTA, such as Michael Salas. See Compl. ¶ 160. Denouncing Ms. Foster and Mr. Salas' ill treatment in his Complaint, Plaintiff neglects to address the relevant details for his own retaliation claims. Because these allegations are extraneous, Defendants request that they be stricken from the Complaint. See Fed.R.Civ.P. 12(f); Geschke v. Air Force Ass'n, 02 C 50271, 2002 WL 31253746 (N.D. Ill. Oct. 8, 2002).

## ARGUMENT

### A. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides that a party may move to dismiss an action when the court lacks subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). Federal courts are courts of limited jurisdiction and may only exercise jurisdiction where it is specifically authorized by federal statute. Evers v. Astrue, 536 F.3d 651, 657 (7th Cir. 2008). As such, "[e]nsuring the existence of subject matter jurisdiction is the court's first duty in every lawsuit." McCready v. White, 417 F.3d 700, 702 (7th Cir. 2005). The proponent invoking the Court's subject-matter jurisdiction has the burden of establishing it. Veluchamy v. F.D.I.C., 706 F.3d 810, 817 (7th Cir. 2013).

To survive a motion to dismiss under FRCP 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 663. While the plaintiff need not present "detailed factual allegations" a complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" Id. at 678. The complaint "must describe the claim in sufficient

detail to give the defendant fair notice of what the… claim is and the grounds upon which it rests." Equal Employment Opportunity Commission v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007) (citation omitted). The general rule that "a court must accept as true all of the allegations contained in a complaint" is "inapplicable to legal conclusions," and so "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not suffice." Iqbal, 556 U.S. at 678.

B.  **THE COURT LACKS SUBJECT MATTER JURISDICTION TO HEAR PLAINTIFF'S CLAIMS.**

Plaintiff's attempts to address his previous Illinois Labor Relations Board case, L-CA-12-036, L-CA-03-033, L-CA-10-035, or L-CA-01-017, Cmplt. ¶¶ 40, 70, are also improper. 5 ILCS 315/11(e) (stating a party wishing to appeal an ILRB decision must first apply for judicial review of the ILRB and any direct appeal to the Appellate Court shall be filed within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision); see also Cmplt. ¶ 70 (stating Plaintiff's unfair labor practices were filed in August 6, 2010, likely making any appeal of this unfair labor practice decision untimely). Moreover, Plaintiff cannot bring matters concerning the National Labor Review Act before this Court as the National Labor Relations Board has exclusive jurisdiction over such matters. San Diego Bldng. Trades Council, Millmen's Union, Loc. 2020 v. Garmon, 359 U.S. 236, 243-246 (1959). Finally, many if not all of Plaintiff's allegations necessarily involve an interpretation of the collective bargaining agreement between CTA and Plaintiff's union, which is exclusively within the jurisdiction of the Illinois Labor Relations Board and not this Court. Cessna v. City of Danville, 296 Ill. App. 3d 156, 165-66 (4th Dist. 1998). These arguments serve as the underlying basis for all of Plaintiff's claims and are incorporated by reference into each of Plaintiff's twenty-eight

counts. See generally, Cmplt.; id. at ¶¶ 1, 46, 57, 61, 62, 65, 69, 79, 113, 120. For these reasons, Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

### C. PLAINTIFF'S TITLE VII CLAIMS SHOULD BE DISMISSED.

To the extent Plaintiff attempts to claim that he was discriminated against, the Complaint pleads only conclusions and no facts that establish any element of a cause of action for age, disability, or sex discrimination. Cmplt. ¶¶ 13, 17 ("In retaliation for complaints made regarding sexual, racial, national origin, age, and disability discrimination."), 20, 39 ("The [Defendants] and others, are continually involved in illicit actions which include:… discrimination..."), 52, 68, 169 ("Also since Bill's return he has suffered discriminatory and retaliatory actions from CTA management."), 174, 178. There is not even a description – however brief – of any events that remotely suggest that discrimination has occurred against Plaintiff. Plaintiff's EEOC Charge also does not put CTA on notice of his age, disability, or sex claims. See Attachment 2 to Cmplt.; Rush v. McDonald's Corp., 966 F.2d 1104, 1111 (7th Cir. 1992); Mohan v. Am. Tel. & Tel. Co., 97 C 7067, 1999 WL 495113, *10 (N.D. Ill. June 30, 1999) ("merely checking a box – without more – does not fulfill the administrative purposes that a charge with the EEOC is designed to serve, and does not provide a basis for a later federal court discrimination complaint").

Plaintiff alleges that he filed two EEOC charges –one for which he received a notice of right to sue on May 21, 2013 and another for which he received a notice of right to sue on January 31, 2014. Cmplt. ¶¶ 13, 19, 21. While Plaintiff lists other individuals that received "right-to-sue" letters, those letters are immaterial here as Plaintiff is the sole Plaintiff. See Cmplt. ¶¶ 22-23.

6

First, any right-to-sue letter received as a result of his November 28, 2012 charge and the right-to-sue letter received on May 21, 2013 from the EEOC have now expired. Right-to-sue letters, such as the one attached to Plaintiff's Complaint, clearly state "Your lawsuit must be filed **WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost." See Cmplt. at Attachment 001 (emphasis in original). Thus, Plaintiff's May 21, 2013 letter expired on August 19, 2013 and any claims related to his May 21, 2013 right-to-sue letter should be dismissed. Davis v. Int'l Union of Operating Engineers Local Union No. 965, 134 F. App'x 950, 951 (7th Cir. 2005).

Further, an EEOC charge may only be filed for events that occurred within 300 days before the filing of the EEOC charge. Adams v. City of Indianapolis, 742 F.3d 720, 729 (7th Cir. 2014). Consequently, to the extent Plaintiff attempts to make Title VII claims, they are restricted to those events that occurred within 300 days of Plaintiff's only valid right-to-sue letter, the letter issued as a result of the January 9, 2014 EEOC Charge. Claims pertaining to the time period before that 300 day window, which began on March 15, 2013, are barred from consideration by this Court and should be dismissed. Id. As previously stated, Plaintiff makes no specific allegations about harms that occurred to him after March 2013, so all of his allegations concerning Title VII are time-barred. See generally, Cmplt; Cmplt. ¶ 148.

1. **PLAINTIFF'S LACK OF SUFFICIENT ALLEGATIONS DOOM HIS SEX AND AGE DISCRIMINATION CLAIMS.**

Plaintiff's broad suppositions about discrimination are insufficient to withstand a motion to dismiss. See generally, Cmplt.; Dillard v. Chicago State Univ., 11 C 3362, 2012 WL 714727 (N.D. Ill. Mar. 1, 2012). Plaintiff does not even allege his own age and sex, much less any other individual's age or sex. Indeed, he has not alleged a single similarly situated individual not in

7

the relevant class that was treated more favorably. See generally, Cmplt. He has not included the sex or age of any other person, aside from his sister. Plaintiff's broad conclusions are insufficient to state a claim for relief, and so his claim should be dismissed. See Cmplt. ¶¶ 13, 17, 20, 39, 52, 68, 174, 178, 169 ("Also since Bill's return he has suffered discriminatory and retaliatory actions from CTA management."); Iqbal, 556 U.S. at 668; Twombly, 550 U.S. at 570; see also Cmplt.

### 2. PLAINTIFF'S DISABILITY CLAIM IS DEFICIENT.

The Americans with Disabilities Act ("ADA") prohibits certain employers from discriminating against a qualified individual with a disability because of his or her disability. 42 U.S.C. § 12112(a). Under the ADA, a disability is a physical or mental condition that substantially limits one or more of a person's major life activities, when a person has a record of such a condition, or is regarded as having such a condition. 42 U.S.C. § 12102(2). To state a claim for ADA discrimination, Plaintiff must allege the following: (1) a disability under the ADA; (2) he is qualified to perform the essential functions of the job either with or without reasonable accommodation; and (3) he suffered from an adverse employment action because of the disability. Ryan v. Pace Suburban Bus Div. of Reg'l Transp. Auth., 837 F. Supp. 2d 834, 839 (N.D. Ill. 2011).

Here, Plaintiff fails to put CTA on notice of what he believes his disability is. See generally, Cmplt ¶¶ 187-231. At one point, in his allegations concerning his emotional distress, he states that he suffers from clinical depression and anxiety, and physically related symptoms which include tinnitus, palpitations, and migraine[sic]." Cmplt. at ¶¶ 266, 289, 301, 320. It is not clear if these ailments constitute Plaintiff's claimed disability. Major depression can constitute a disability under the ADA. But intermittent, episodic impairments such as broken

limbs and appendicitis are not disabilities. Gomez v. Dynamic Mfg., Inc., 12-CV-7396, 2013 WL 3270660, at *4 (N.D. Ill. June 27, 2013). Moreover, merely having an impairment, such as depression, does not make an individual disabled under the statute. A claimant must also demonstrate that the impairment limits a major life activity, and that the limitation is long term. Id. Plaintiff has not alleged what his disability is, that he can perform the essential functions of his employment position, or that he has suffered from an adverse employment action due to his disability within the relevant statutory period. See generally Cmplt; Adams v. City of Indianapolis, 742 F.3d 720, 730 (7th Cir. 2014) (claims about discrete employment actions must be made within 300 days). Thus, Plaintiff's disability discrimination claim must fail.

### D. **PLAINTIFF DOES NOT STATE A SUFFICENT RETALIATION CLAIM.**

To establish a retaliation claim under Title VII, Plaintiff must allege at the very least that he engaged in a statutorily protected activity, and that as a result he suffered an employment action that a reasonable employee would have found to be materially adverse. See Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 67-68 (2006); MacGregor v. DePaul Univ., 1:10-CV-00107, 2010 WL 4167965, at *5 (N.D. Ill. Oct. 13, 2010).

Plaintiff's termination occurred on January 26, 2012. Cmplt. at ¶ 26. But Plaintiff has failed to allege any protected activity before his termination, and has further failed to put forth a valid right-to-sue letter that claims his discharge was in retaliation for protected activity. As Plaintiff concedes in his allegations, all of Plaintiff's EEOC charges were filed *after* his January 26, 2012 termination, not before. Cmplt. ¶¶ 13, 19-21, 26. Thus, Plaintiff's termination could not have been as a result of any protected activity.

Moreover, his only valid right-to-sue letter is based on a charge filed on January 9, 2014. Cmplt. at ¶ 20-21. As stated previously, an EEOC charge may only be filed for events that

9

occurred within 300 days before the filing of the EEOC charge. Adams v. City of Indianapolis, 742 F.3d 720, 729 (7th Cir. 2014). Thus, Plaintiff's January 9, 2014 EEOC charge could not address his January 26, 2012 discharge, as it could only address events back to 300 days beforehand, that is March 15, 2013 and afterwards. Id.; Cmplt. ¶¶ 13, 19-21, 26. Thus, his retaliation claims should be dismissed in their entirety.

Moreover, to the extent that Plaintiff attempts to make a retaliation claim based on state law in his Count VI, his claims must fail. Any state law retaliation claim he attempts to make would be time-barred. Webb v. Cnty. of Cook, 275 Ill. App. 3d 674, 679 (1st Dist. 1995). Plaintiff alleges that the defamation occurred as part of his termination and attempts to receive unemployment benefits, that is from January through March of 2012. Cmplt. ¶¶ 26, 148, 227, 233, 238, 244, 248, 253, 258. As pled, Plaintiff has not alleged any protected activity he engaged in to challenge his alleged defamation. Further, state law retaliation claims are subject to a one year statute of limitations period, and thus would only cover the period from April 29, 2013 on, over a year and three months after Plaintiff's termination. Webb, 275 Ill. App. 3d at 679. Therefore, his retaliation claim must fail as insufficient and likely time-barred.

Further, Plaintiff fails to state a viable claim for municipal liability under § 1981. It is well established that a municipality cannot be held vicariously liable under Section 1981 for the acts of its employees. See Jett v. Dallas Indep. School Dist., 491 U.S. 701, 733-35 (1989). Municipalities may be held liable only for acts which the municipality has officially sanctioned or ordered. Fiorenzo v. Nolan, 965 F.2d 348, 350 (7th Cir. 1992). The municipality must be the "moving force" behind the alleged constitutional injury before it may be held liable. Hulbert v. Wilhelm, 120 F.3d 648, 656 (7th Cir. 1997). Therefore, to state a basis for municipal liability under § 1981, a plaintiff must allege that the violation of his rights was caused by: (1) an express

10

municipal policy; (2) a widespread municipal practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) a person with final policymaking authority. McCormick v. City of Chicago, 230 F.3d 319, 324-25 (7th Cir. 2000). Plaintiff has alleged none of these scenarios here, and therefore has failed to properly plead municipal liability under § 1981. Although Plaintiff appears to be alleging a widespread municipal practice regarding so-called "systems of prevarication," Plaintiff makes no connection between these allegations and CTA's alleged retaliation for engaging in protected activity.

### E. **PLAINTIFF'S WHISTLEBLOWER CLAIM IS TIME-BARRED.**

Plaintiff's claim of whistleblower retaliation in Count V is similarly time-barred by a statute of limitations. The Metropolitan Transit Authority Act ("MTAA") requires that actions against the Chicago Transit Authority must be brought within one year of the accrual of the cause of action. As discussed above, the latest date that Plaintiff references any specific event in his Complaint was in 2012. Cmplt. ¶ 148. In order to maintain a whistleblower retaliation cause of action against CTA, the action must have been filed within one year of the alleged injury. Because Plaintiff did not bring his whistleblower retaliation complaint during the statute of limitations period under the MTAA, Plaintiff's claim is time-barred and should be dismissed with prejudice.

### F. **PLAINTIFF'S NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM MUST FAIL.**

Plaintiff has failed to state a claim for which he is entitled to relief under the common law tort of negligent inflection of emotional distress ("NIED") against any of the Individual Defendants or CTA. In order to properly plead a *prima facie* case of NIED, a plaintiff must first

11

allege that the defendant was negligent. Corgan v. Muehling, 143 Ill.2d 296 (1991). The four elements required to plead negligence are: (1) a duty towards the plaintiff, (2) breach of that duty by the defendant, (3) causation, and (4) damages. Id. at 306; Montalbano v. Geller, 2013 IL App (2d) 121320-U appeal denied, 117176, 2014 WL 1382526 (2nd Dist. Ill. Mar. 26, 2014). Plaintiff claims that Individual Defendants Kevin Loughnane, Timothy Webb, Geraldine Fiedler, and Colleen Brewer "made false statements about Bill," which resulted in his emotional distress. Cmplt. ¶¶ 263, 265, 270, 271, 276. But Plaintiff has completely failed to allege that CTA or any of the Individual Defendants held a duty towards him.

Furthermore, a plaintiff claiming to be a direct victim of negligent infliction of emotional distress must demonstrate a physical injury as the source of his emotional distress. Barnes v. Anyanwu, 391 Fed.Appx. 549, 554 (7th Cir. 2010). Plaintiff has failed to claim any physical injury that resulted from the alleged false statements that were made about him. Indeed, even viewing Plaintiff's allegations in the light most favorable to him, there are no facts under which he could claim physical injury from simple false statements. For these reasons, all of Plaintiff's NEID counts against Defendants should be dismissed with prejudice.

### G. PLAINTIFF'S DEFAMATION CLAIMS ARE TIME-BARRED.

Plaintiff alleges that he was subject to defamatory statements by CTA and the individual Defendants. Cmplt. at Counts VII, VIII, IX, X, XI, XII, and XIII. Here, Plaintiff alleges that the individual defendants "made false statements about Bill, and were coached and instructed by Gierut and Lunde to make false statements… specifically stating that Bill was guilty of misconduct *so as to cause him to be unlawfully discharged and also to defraud Bill from receiving [unemployment] benefits*." Cmplt. at § 227 (emphasis supplied). The statement Plaintiff alleges were defamatory therefore must have been made before or around his

12

termination date, which Plaintiff states was January 26, 2012, or during the proceedings concerning his unemployment benefits in February and March 2012. Cmplt. at ¶¶ 26, 148. The statute of limitations in Illinois for a claim for defamation is one year from when the cause of action accrued. 735 ILCS 5/13–201 (West 2006). Under Illinois law, the cause of action for defamation accrues, and the statute of limitations begins to run, on the date of publication of the defamatory material. Moore v. People for the Ethical Treatment of Animals, Inc., 402 Ill. App. 3d 62, 73 (1st Dist. 2010). The statute of limitations period for Plaintiff's defamation thus expired on or about January 26, 2013. Plaintiff did not file his Complaint until April 29, 2014. Therefore, any defamation claims against CTA and the individual Defendants are time-barred and must be dismissed. Id.

**H. PLAINTIFF'S CONSPIRACY CLAIMS ARE TIME-BARRED AND OTHERWISE DEFICIENT.**

Plaintiff shares precious little information about his conspiracy claims. He claims "the CTA conspired/is conspiring to eliminate Bill and Laura Foster from their CTA employment as well as any employment and/or position with the Union… [Defendants] are conspiring to target and eliminate Bill, Laura, and the entire CTA Painters' Department." Cmplt. at ¶¶ 317-318. These allegations are incredibly vague.

"The elements of a civil conspiracy are: (1) a combination of two or more persons, (2) for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means, (3) in the furtherance of which one of the conspirators committed an overt tortious or unlawful act." Fritz v. Johnston, 209 Ill.2d 302, 317 (Ill. 2004). The function of a conspiracy claim is to extend tort liability from the active wrongdoer to wrongdoers who may have only planned, assisted or encouraged the active wrongdoer. Redelmann v. Claire

Sprayway, Inc., 375 Ill. App. 3d 912, 923-24 (1st Dist. 2007). However, "[t]he mere characterization of a combination of acts as a conspiracy is insufficient to withstand a motion to dismiss." Id. In order to connect a defendant to an alleged civil conspiracy, the complaint must allege the " 'necessary and important element' " of the existence of an agreement. Id. The complaint must allege that the defendant knowingly and voluntarily participated in the common scheme at the heart of the alleged civil conspiracy. Id. Plaintiff has failed to plead these elements. He fails to put forth any overt tortious or unlawful act from CTA or any one of the individual defendants. He fails to allege that any defendant "knowingly and voluntarily participated" in a common scheme. Indeed, Plaintiff's conclusory allegations are nothing more than "the mere characterization of a combination of acts as a conspiracy." They do not put defendants on notice of his claims, and are insufficient to withstand CTA's motion to dismiss. See Cmplt. at ¶¶ 316-353.

Moreover, Plaintiff's claims are time-barred. Plaintiff fails to allege any particular actions which constitute a part of the "conspiracy" against him. But, to the extent he bases his claim on his January 26, 2012 termination or his unemployment benefit proceedings in February and March 2012, his claim is time-barred. See Cmplt. at ¶¶ 26, 148. A claim for civil conspiracy has a one-year statute of limitations period. Mauvais-Jarvis v. Wong, 987 N.E.2d 864, 895-96 (1st Dist. 2013). Plaintiff did not file his claim within one year of his termination, that is on January 26, 2013. Instead, he waited over two years until April 29, 2014. Thus, his conspiracy claims are insufficient and time-barred, and they should be dismissed.

### I. PLAINTIFF CANNOT RECOVER PUNITIVE DAMAGES FROM CTA.

If the CTA's motion to dismiss is not granted, Plaintiff's request for punitive damages should be stricken because such damages cannot be recovered against a municipality. Complaint at Wherefore Clause, Paragraph F. Municipal corporations, such as the CTA, are immune from punitive damages. 42 U.S.C.A. § 1981a (2013) ("A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision)…" (emphasis added)); City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981) (noting that Illinois has not waived immunity for punitive damages for municipalities); Murphy v. Chicago Transit Auth., 638 F. Supp. 464, 471 (N.D. Ill. 1986)("Defendant CTA is not liable for punitive damages under § 1983."); see also Baker v. Runyon, 114 F.3d 668, 672 (7th Cir. 1997). Accordingly, Plaintiff's request for punitive damages against the CTA should be stricken.

### III. CONCLUSION

WHEREFORE, for each of these reasons, Defendants Chicago Transit Authority, Robert Gierut, Kevin Loughnane, Timothy Webb, Katharine Lunde, Geraldine Fiedler, and Colleen Brewer request that the Court grant their Motion to Dismiss Plaintiff's Complaint in its entirety.

Date: August 18, 2014　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　By:　s/ Caroline M. Page
　　　　　　　　　　　　　　　　　　　　　CAROLINE M. PAGE
Caroline Page　　　　　　　　　　　　　　　Attorney for Defendants
Christopher R. Jensen
Judith A. Kelley
567 W. Lake St, 6th Floor
Chicago, Illinois 60661
(312) 681-3120 (p)
(312) 681-2995 (f)
cpage@transitchicago.com

**CERTIFICATE OF SERVICE**

I hereby certify that I am an attorney for defendants Chicago Transit Authority, Robert Gierut, Kevin Loughnane, Timothy Webb, Katharine Lunde, Geraldine Fiedler, and Colleen Brewer, and that I caused a copy of DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT to be served on the following by enclosing a true and correct copy in a properly addressed, sealed, postage prepaid envelope and depositing same in the U.S. mail at 567 W. Lake Street, Chicago, Illinois on this 18th day of August, 2014:

> **William J. Foster**
> **2454 E. Lakeshore Drive**
> **Crown Point, IN 46037**

Additionally, a courtesy copy has been served on the following by email and by enclosing a true and correct copy in a properly addressed, sealed, postage prepaid envelope and depositing same in the U.S. mail at 567 W. Lake Street, Chicago, Illinois on this 18th day of August, 2014:

> **Frank Avila, Esq.**
> **Avila Law Group**
> **6201 West Touhy Ave, Suite 201**
> **Chicago, IL 60646-1119**
> **frankavilalaw@gmail.com**

> s/ Caroline M. Page
> Caroline M. Page
> Senior Attorney
> Labor & Employment Law Division
> Chicago Transit Authority
> 567 W. Lake St. 6th Floor
> Chicago, Illinois 60661
> Tel: (312) 681-3120
> Fax: (312) 681-2995
> cpage@transitchicago.com