IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| WILLIAM J. FOSTER,<br>  Plaintiff<br><br>v.<br><br>CHICAGO TRANSIT AUTHORITY (CTA),<br> et al.<br>  Defendant. | Civil Case No. 14 CV 04698<br>Judge Edmond E. Chang |

MOTION FOR CONSOLIDATION PURSUANT TO RULE 42(a) OF THE
FEDERAL RULES OF CIVIL PROCEDURE

Now Comes William J. Foster, Plaintiff, by and through his attorney, Frank B. Ávila of Ávila Law Group LLC, and moves this Court to reassign this case for consolidation with *Foster v. Chicago Transit Authority*, No. 13-cv-5942, pursuant to Fed. R. Civ. P. 42(a) (West 2014). Plaintiff requests consolidation for the purposes of pre-trial proceedings and trial only. Plaintiff does not request a consolidation of judgments or rights to appeal. Plaintiff states the following in support of his motion:

1. On August 21, 2014, this Court granted either party leave to file a motion to reassign this case as related to Plaintiff's other pending case by September 25, 2014.

2. Rule 42(a) of the Federal Rules of Civil Procedure provides that, "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."

3. Consolidation of two causes does not have effect of making the parties to one suit parties in the other, but the causes preserve their separate identity and the

pleadings in one case cannot be made the pleadings in the other. Moreover, the purpose of consolidation is to allow the proofs in one cause to stand as proofs in the other with reference to common questions of fact. *National Nut Co. of Cal. V. Susu Nut Co.*, 61 F. Supp. 86, 88 (N.D. Ill. 1945).

4. Consolidation is appropriate here because these cases share common questions of law and fact.

5. First, both cases arise out of the same factual situation. Specifically, the retaliation and discrimination that Plaintiff has allegedly endured during his employment at Chicago Transit Authority.

6. Second, both cases allege third party retaliation in violation of Title VII of the Civil Rights Act of 1964.

7. Third, both cases identify Chicago Transit Authority as the principal defendant.

8. Fourth, both cases request similar relief from the Court.

9. District Courts exercise a broad discretion in the consolidation of cases. *U.S. v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945).

10. Consolidation offers efficiency and convenience here because it will result in one trial which will bind all plaintiffs and defendants, thus, saving time and avoiding unnecessary costs to the parties in the two actions.

Wherefore, William J. Foster, Plaintiff, requests that this Court grant his Motion to Consolidate and that it reassign this case for consolidation with *Foster v. Chicago Transit Authority*, No. 13-cv-5942.

By: s/Frank B. Avila
Ávila Law Group, LLC
Attorneys for Plaintiffs
6601 N. Avondale Avenue, Suite 201
Chicago, IL 60631
frankavilalaw@gmail.com
773-631-0177 telephone
773-763-2301 fax
